# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-116-LRR |
| vs. | **ORDER** |
| WILLIAM B. AOSSEY, JR., | |
| Defendant. | |

## I. INTRODUCTION

The matters before the court are Defendant William B. Aossey, Jr.'s Motion to Dismiss Count I[1] (docket no. 43) and Motion to Dismiss Counts IX through XIX (docket no. 45) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

On December 5, 2014, a grand jury returned a nineteen-count Superseding Indictment ("Indictment") (docket no. 15). Count I of the Indictment charges Defendant with conspiring to make and use materially false statements and documents; sell misbranded meat; and commit mail and wire fraud in violation of 18 U.S.C. § 371. Counts II through VIII of the Indictment charge Defendant with seven counts of making a false statement on an official export certificate provided for in regulations prescribed by the Secretary of Agriculture in violation of 21 U.S.C. § 611. Counts IX through XV of the Indictment charge Defendant with seven counts of wire fraud in violation of 18 U.S.C. § 1343. Counts XVI through XVIII charge Defendant with three counts of money laundering in violation of 18 U.S.C. § 1957(a). Count XIX charges Defendant with

---

[1] At the Final Pretrial Conference, Defendant withdrew this motion. The court will nonetheless address it.

conspiracy to commit wire fraud in violation of 18 U.S.C. § 1956(h). Counts I and IX-XVIII contain forfeiture allegations.

On June 9, 2015, Defendant filed the Motion to Dismiss Count I. On June 10, 2015, Defendant filed the Motion to Dismiss Counts IX through XIX. On June 15, 2015, the government filed a Resistance to the Motion to Dismiss Count I (docket no. 49). On June 18, 2015, the government filed a Resistance to the Motion to Dismiss Counts IX through XIX (docket no. 57). Defendant asked for oral argument. The court determined that oral argument was unnecessary, however the court gave Defendant time to argue the Motions at the Final Pretrial Conference.[2] On June 23, 2015, the court held a Final Pretrial Conference, at which it heard argument on the Motions. *See* June 23, 2015 Minute Entry (docket no. 60).

## III. ANALYSIS

Federal Rule of Criminal Procedure 12(b) provides that a defendant may move before trial to allege "a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he [or she] is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988).

Defendant makes two arguments in support of the Motions. First, Defendant argues that "he cannot be held criminally liable for the misbranding allegations in [the Indictment] . . . [p]ursuant to [21 U.S.C. §] 381(e)(1)." Motion to Dismiss Count I at 1. Next, Defendant argues that "the government's allegations that Defendant intentionally mislabeled the slaughterhouse of origin and/or made false statements on export and letterhead certificates sent to the USDA to obtain an export license do not constitute a basis

---

[2] Defendant did not ask for oral argument in the manner required by the Local Rules because he did not note in the caption that he requests oral argument. *See* LR 7(c).

for mail or wire fraud." Motion to Dismiss Counts IX through XIX at 1. The government resists the Motions because they were not timely filed and because the Motions otherwise have no merit.

### A. Timeliness

The government argues that the Motions are untimely. The court agrees. Pursuant to the Trial Management Order (docket no. 26), "[a]ll motions . . . , including motions . . . to dismiss indictment, must be served and filed within 30 days after the date of the first arraignment." Trial Management Order at 2 (emphasis omitted). Moreover, the court ordered that trial-related motions "must be served and filed as soon as practicable, but at least 30 days before the commencement of trial." *Id.*

Defendant waived personal appearance on the Superseding Indictment on December 10, 2014. Defendant did not request and did not receive extensions for nontrial-related motions and, therefore, the deadline to file a motion to dismiss was January 9, 2015. Defendant did not file the Motions until June 9, 2015—five months after the deadline to file such motions. In addition, the deadline to file trial-related motions was June 8, 2015. Defendant filed the Motions after the deadline for filing trial-related motions. Because Defendant did not timely file the Motions, the court shall deny the Motions. Despite the court's ruling, the court shall nonetheless address the merits of Defendant's arguments.

### B. Misbranding

Defendant argues that, "[p]ursuant to 21 U.S.C. § 381(e)(1)" "he cannot be held criminally liable for the misbranding allegations in his indictment." Motion to Dismiss Count I at 1. The government argues that the court should deny the Motion to Dismiss Count I because "the Motion clearly misapplies [Federal Rule of Criminal Procedure] 12" and "the Motion clearly fails because the entire basis for the Motion—21 U.S.C. § 381(e)—has no application whatsoever to this case." Resistance to the Motion to Dismiss Count I at 5.

3

The court agrees with both of the government's arguments. Federal Rule of Criminal Procedure 12 provides that a defendant may challenge the sufficiency of an indictment by pretrial motion. *See* Fed. R. Crim. P. 12(b)(3)(B).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). "In reviewing the sufficiency of an indictment, [courts] accept the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012) (quoting *United States v. Farm & Home Sav. Ass'n*, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991)) (internal quotation marks omitted). Here, even if 21 U.S.C. § 381(e)(1) provided a defense to the Indictment, which it does not, the Indictment is nonetheless sufficient and such evidence would properly presented to the jury because it adequately charges Defendant with the elements of the crime.

In addition, 21 U.S.C. § 381(e)(1) is wholly inapplicable to the charged offenses in the Indictment. 21 U.S.C. § 381(e)(1) provides that

> [a] food, drug, device, tobacco product or cosmetic intended for export shall not be deemed to be adulterated or misbranded *under this chapter*, and a tobacco product intended for export shall not be deemed to be in violation of section 387f(e), 387g, 387k, or 387t(a) of this title, if it [meets four criteria].

21 U.S.C. § 381(e)(1) (emphasis added). The Indictment charges Defendant with conspiracy and that the object of the conspiracy was, among other things, to sell in commerce articles that had been misbranded in violation of 21 U.S.C. § 610. 21 U.S.C. § 610 is contained in Chapter 12 of Title 21. 21 U.S.C. § 381, by contrast, is contained in Chapter 9 of Title 21. Because 21 U.S.C. § 381(e)(1) applies only to provisions of

4

Chapter 9, such statute is wholly inapplicable to the Indictment. Accordingly, for this additional reason, the court shall deny the Motion to Dismiss Count I.

### C. *Mail and Wire Fraud*

Defendant argues that the Indictment fails "to state an offense within this court's jurisdiction on any theory of liability" for the mail and wire fraud charges because "there is no allegation that the United States or the foreign governments were deprived of funds." Brief in Support of the Motion to Dismiss Counts IX through XIX (docket no. 45-1) at 6, 8. The government argues that the court should deny the Motion to Dismiss Counts IX through XIX because the Indictment sufficiently alleges the elements of wire fraud.[3]

Defendant, despite not citing to the applicable Federal Rule of Criminal Procedure, appears to challenge the sufficiency of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3), which provides that a defendant may move the court, prior to trial, for the failure of an indictment to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable

---

[3] The government also argues that the court could deny the Motion to Dismiss Counts IX through XIX because it is untimely. *See* Resistance to the Motion to Dismiss Counts IX through XIX at 6-7. Pursuant to Federal Rule of Criminal Procedure 12(c)(3), the court could choose not to consider the Motions because they were untimely. *See* Fed. R. Crim. P. 12(c)(3) (stating that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely" but that the "court may consider the . . . request if the party shows good cause"). Defendant never requested nor received permission to file this untimely motion. Here, Defendant has not shown good cause, so this is another basis to deny the Motions. The court shall nonetheless address the Motions on the merits.

> construction, to charge the offense for which the defendant was convicted.

*United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)). To be sufficient, "[a]n indictment need not use the specific words of the statute, so long as by fair implication it alleges an offense recognized by law." *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (quoting *United States v. Pennington*, 168 F.3d 1060, 1065 (8th Cir. 1999)) (internal quotation marks omitted). "[F]ederal criminal procedure does not 'provide for a pre-trial determination of sufficiency of the evidence.'" *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (quoting *United States v. Critzer*, 951 F.2d 306, 307-08 (11th Cir. 1992)).

To state an offense for wire fraud, the government must show the following elements:

> *One*, the defendant voluntarily and intentionally participated in a scheme to defraud with knowledge of its fraudulent nature or devised or participated in a scheme to obtain money or property by means of material false representations or promises;
>
> *Two*, the defendant did so with the intent to defraud; and
>
> *Three*, the defendant used, or caused to be used, interstate wire communication . . . in furtherance of, or in an attempt to carry out some essential step in the scheme.

Eighth Circuit Model Criminal Jury Instruction 6.18.1343 (modified in part). Here, the government alleges that Defendant "caused employees of Midamar and ISA to change labels on . . . beef product shipments for the purpose of making it appear, falsely, that the products originated from a designated approved slaughter facility. The scheme . . . was executed with the intent to result in payment of money to Midamar." Indictment at 18. The Indictment further alleges that Defendant "knowingly caused . . . [a transmission] by means of wire communication in interstate commerce, of monetary payments to Midamar's bank account." *Id.* at 19. These allegations "contain[] all of the essential elements of the

6

offense[s] charged, fairly inform[] [Defendant] of the charges against which he must defend, and allege[] sufficient information to allow [Defendant] to plead a conviction or acquittal as a bar to a subsequent prosecution." *Beasley*, 688 F.3d at 532 (quoting *Hayes*, 574 F.3d at 472). Accordingly, the court shall deny the Motion to Dismiss Counts IX through XIX.

Finally, the court finds unpersuasive Defendant's argument that the Indictment is deficient because "there is no allegation that the United States or the foreign governments were deprived of funds." Brief in Support of the Motion to Dismiss Counts IX through XIX at 6, 8. Defendant relies on *Cleveland v. United States*, 531 U.S. 12 (2000), in which the Court held that a state license to operate video poker machines did not constitute "property" pursuant to 18 U.S.C. § 1341. *Cleveland*, 531 U.S. at 15. The question in *Cleveland* was whether issuance of a license was "property." Here, by contrast, the government alleges that Defendant executed the scheme to defraud "with the intent to result in payment of *money* to Midamar." Indictment at 18-19 (emphasis added). An intent to obtain money is explicitly contemplated by the statute. *See* 18 U.S.C. § 1343 ("Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining *money* or property by means of false or fraudulent pretenses . . . transmits or causes to be transmitted by means of wire . . . communication . . . shall be fined under this title or imprisoned not more than 20 years, or both." (emphasis added)). *Cleveland* is therefore inapposite, and the Indictment sufficiently alleges a violation of 18 U.S.C. § 1343.

Moreover, the government need not allege any actual harm stemming from the fraud. *See United States v. Louper-Morris*, 672 F.3d 539, 556 (8th Cir. 2012) ("[T]he United States is not required to show actual loss or harm to the victims of the fraud in order to prove wire fraud or mail fraud."). Rather, the government need only "show that the accused intended to defraud his victim and that his or her communications were

7

reasonably calculated to deceive persons of ordinary prudence and comprehension." *Id.* (quoting *United States v. Williams*, 527 F.3d 1235, 1245 (11th Cir. 2008)) (internal quotation marks omitted). The Indictment charges Defendant with falsely representing the qualities of meat sold to foreign customers by means of an interstate wire communication. This allegation is sufficient to charge Defendant with a violation of 18 U.S.C. § 1343.

Even if the court were to construe the Indictment as alleging that Defendant intended only to defraud the government and not to defraud the foreign purchasers of the meat, the Indictment is still sufficient. It does not matter if "the entity deceived was not the ultimate victim of the scheme that was deprived of money or property." *United States v. Seidling*, 737 F.3d 1155, 1161 (7th Cir. 2013); *see also United States v. Blumeyer*, 114 F.3d 758, 767-68 (8th Cir. 1997) (holding that "a defendant may be convicted of . . . wire fraud for making false representations only to persons other than the intended victims"). That is, even were the government's theory that Defendant made misrepresentations only to the government and did not intend to deprive the government of money or property, the Indictment is still sufficient. Accordingly, the court shall deny the Motion to Dismiss Counts IX through XIX.

## IV. CONCLUSION

In light of the foregoing, Defendant William B. Aossey, Jr.'s Motion to Dismiss Count I (docket no. 43) and Motion to Dismiss Counts IX through XIX (docket no. 45) are **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of June, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA