# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. AOSSEY, JR.,<br><br>    Defendant. | No. 14-CR-116-LRR<br><br>**ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant William B. Aossey, Jr.'s "Motion to Dismiss" ("Motion") (docket no. 58).

## II. RELEVANT PROCEDURAL HISTORY

On December 5, 2014, a grand jury returned a nineteen-count Superseding Indictment ("Indictment") (docket no. 15). Count I of the Indictment charges Defendant with conspiring to make and use materially false statements and documents; sell misbranded meat; and commit mail and wire fraud in violation of 18 U.S.C. § 371. Counts II through VIII of the Indictment charge Defendant with seven counts of making a false statement on an official export certificate provided for in regulations prescribed by the Secretary of Agriculture in violation of 21 U.S.C. § 611. Counts IX through XV of the Indictment charge Defendant with seven counts of wire fraud in violation of 18 U.S.C. § 1343. Counts XVI through XVIII charge Defendant with three counts of money laundering in violation of 18 U.S.C. § 1957(a). Count XIX charges Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1956(h). Counts I and IX-XVIII contain forfeiture allegations.

On June 22, 2015, Defendant filed the Motion. On June 23, 2015, the government filed a Resistance (docket no. 59). Defendant asked for oral argument. The court

determined that oral argument was unnecessary, however the court gave Defendant time to argue the Motion at the Final Pretrial Conference.[1] On June 23, 2015, the court held a Final Pretrial Conference, at which it heard argument on the Motion. *See* June 23, 2015 Minute Entry (docket no. 60). The Motion is fully submitted and ready for decision.

### III. ANALYSIS

#### A. *Parties' Arguments*

Defendant argues that the court should dismiss the Indictment because: (1) Congress has expressly conferred jurisdiction over the alleged statutory violations on the Secretary of Agriculture; and (2) the government "failed to provide . . . Defendant with proper notice of the alleged violations identified in the Indictment" contrary to 9 C.F.R. § 335.40. Brief in Support of the Motion (docket no. 58-1) at 23. Defendant also argues that the government should not be able to present "evidence relating to any and all allegedly overt acts outside the applicable statute of limitations." *Id.* at 24.

The government argues that 21 U.S.C. § 674 does not divest the United States district courts of jurisdiction to adjudicate violations of 21 U.S.C. § 610, that the Secretary of Agriculture did not need to provide notice to Defendant before criminally prosecuting him and that the government is entitled to present evidence of acts that occurred outside the statute of limitations. The government also argues that the court should deny the Motion in its entirety because it is untimely.

#### B. *Applicable Law*

Federal Rule of Criminal Procedure 12(b) provides that a defendant may move before trial to allege "a defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he [or she] is charged. If the acts alleged in the

---

[1] Defendant did not ask for oral argument in the manner required by the Local Rules because he did not note in the caption that he requests oral argument. *See* LR 7(c).

indictment do not constitute a violation of law, the indictment is properly dismissed." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988).

*C. Application*

*1. Timeliness*

The court agrees with the government that the Motion is untimely. Pursuant to the Trial Management Order (docket no. 26), "[a]ll motions . . . , including motions . . . to dismiss indictment, must be served and filed within 30 days after the date of the first arraignment." Trial Management Order at 2 (emphasis omitted). Defendant was charged by indictment and was first arraigned October 30, 2014. Therefore, a timely motion to dismiss would have to be filed before November 29, 2014.

Defendant waived personal appearance on the Superseding Indictment on December 10, 2014. Even if the court were to calculate the date for filing a timely motion to dismiss from December 10, 2014, the deadline would have been January 9, 2015 to file a motion to dismiss. Full well knowing he had missed the deadline to file a motion to dismiss, he did not move the court to file the Motion out of time. Defendant did not request and did not receive an extension. Defendant filed the Motion June 22, 2015—months after the deadline to file such motions, and on the eve of trial. In addition, the deadline to file trial-related motions—including motions in limine—was June 8, 2015. Defendant filed the Motion well after the deadline for filing even trial-related motions. Because Defendant did not timely file the Motion and has not shown good cause, the court shall deny the Motion. *See* Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the [pretrial motion] deadline . . . , the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."); *United States v. Rodriguez*, 738 F.2d 13, 15-16 (1st Cir. 1984) ("Objections that are not raised in a timely fashion are deemed to be waived, unless the court chooses to grant relief from the waiver provision based on a showing of good

cause."). Despite the court's ruling, the court shall nonetheless address the merits of Defendant's arguments.

   *2.  Jurisdiction*

United States district courts have jurisdiction over all federal criminal offenses. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Count I of the Indictment charges Defendant with, among other things, conspiracy to violate 21 U.S.C. § 610 (selling misbranded meat). Counts II-VIII of the Indictment charge violations of 21 U.S.C. § 611 (false statement on export certificates). Jurisdiction of the district courts relative to 21 U.S.C. §§ 610 and 611 is addressed in part in 21 U.S.C. § 674. 21 U.S.C. § 674 provides:

> The United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 607(e) of this title.

21 U.S.C. § 674. 21 U.S.C. § 607(e) is titled "Use withholding directive respecting false or misleading marking, labeling, or container; modification of false or misleading matter; hearing; withholding use pending proceedings; finality of Secretary's action; judicial review; application of section 194 of Title 7." 21 U.S.C. § 607(e). This section continues and states:

> If the Secretary has reason to believe that any marking or labeling or the size or form of any container in use or proposed for use with respect to any article subject to this subchapter is false or misleading in any particular, he may direct that such use be withheld unless the marking, labeling, or container is modified in such manner as he may prescribe so that it will not be false or misleading. If the person, firm, or corporation using or proposing to use the marking, labeling or container does not accept the determination of the Secretary, such person, firm, or corporation may request a

> hearing, but the use of the marking, labeling, or container shall, if the Secretary so directs, be withheld pending hearing and final determination by the Secretary. Any such determination by the Secretary shall be conclusive unless, within thirty days after receipt of notice of such final determination, the person, firm, or corporation adversely affected thereby appeals to the United States court of appeals for the circuit in which such person, firm, or corporation has its principal place of business or to the United States Court of Appeals for the District of Columbia Circuit. The provisions of section 194 of Title 7 shall be applicable to appeals taken under this section.

*Id*.

The court finds that 21 U.S.C. §§ 674 and 607(e) do not divest this court of jurisdiction over alleged violations of 21 U.S.C. § 610. Significantly, Defendant cites to no authority for the proposition that 21 U.S.C. §§ 674 and 607(e) divest the district court of jurisdiction. And, as the government points out, federal courts of appeals have consistently upheld criminal convictions under 21 U.S.C. § 610. *See, e.g.*, *United States v. LaGrou Distr. Sys., Inc.*, 466 F.3d 585, 592 (7th Cir. 2006); *United States v. Jorgensen*, 144 F.3d 550, 561 (8th Cir. 1998); *United States v. Agnew*, 931 F.2d 1397, 1411 (10th Cir. 1991).

Despite the history of federal courts of appeals upholding convictions and implicitly holding that United States district courts have subject matter jurisdiction over 21 U.S.C. § 610 offenses, the court shall nonetheless satisfy itself that it has jurisdiction. First, 21 U.S.C. § 674 is ambiguous in its reference to 21 U.S.C. § 607(e). Pursuant to 21 U.S.C. § 674:

> The United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 607(e) of this title.

5

21 U.S.C. § 674. The statute can be split up into two independent clauses. The first clause vests the United States district courts "with jurisdiction . . . to enforce, and to prevent violations of, this chapter." *Id*. The first clause appears to merely reiterate the district court's broad subject matter jurisdiction over federal criminal law violations contained in Chapter 12. The second clause vests the United States district courts with "jurisdiction in all other kinds of cases arising under this chapter." *Id*. The second clause thus vests United States district courts with jurisdiction over non-criminal, administrative cases under Chapter 12, except when § 607(e) applies. Section 607(e) applies only to the second clause because of the structure of the statute, along with the broad grant of jurisdiction to United States district courts to adjudicate violations of federal criminal law in 18 U.S.C. § 3231. That is, in non-criminal, administrative proceedings under Chapter 12, 21 U.S.C. § 607(e) limits a district court's jurisdiction. Federal district courts retain jurisdiction over all federal criminal law violations pursuant to 18 U.S.C. § 3231. Nothing contained in 21 U.S.C. § 674 divests the district court of its broad jurisdiction over federal criminal cases. As the instant case is a criminal prosecution, 21 U.S.C. § 607(e) does not apply.

In addition, 21 U.S.C. § 607(e) states that "[i]f the Secretary of Agriculture has reason to believe that any marking or labeling . . . is false or misleading . . . he *may* direct that such use be withheld . . . ." 21 U.S.C. § 607(e) (emphasis added). The use of the word "may" suggests that the Secretary of Agriculture is not required to prosecute potential violations of Chapter 12 pursuant to § 607(e). Rather, § 607(e) appears to outline the civil process that the Secretary of Agriculture can follow in cases where the Secretary believes that whether a label is misleading is ambiguous. This is in contrast to cases in which a labeler of meat products has the criminal scienter that the government must prove in criminal offenses pursuant to 21 U.S.C. § 610. In such cases, the government must prove the meat products are intentionally mislabeled. *See, e.g.*, *United States v. LaGrou*

*Distrib. Sys., Inc.*, 466 F.3d 585, 591-92 (7th Cir. 2006) (stating that the government must prove a defendant knowingly violated 21 U.S.C. § 610 to support a conviction). In short, § 607(e) provides that the Secretary of Agriculture may direct a labeler to stop labeling a meat product in a certain way. If the labeler disagrees with the Secretary of Agriculture's determination, the labeler "may request a hearing, but the use of the . . . labeling shall, if the Secretary so directs, be withheld pending hearing or final determination by the Secretary." 21 U.S.C. § 607(e). After the hearing, if the Secretary of Agriculture determines that the label is misleading, "such determination . . . shall be conclusive unless . . . [ the labeler] appeals to the United States court of appeals for the circuit in which [the labeler] has its principal place of business." *Id.* Nothing in § 607(e) can be fairly read to divest a United States district court of jurisdiction over alleged violations of 21 U.S.C. § 610. Accordingly, the court shall deny the Motion to the extent it argues that the court should dismiss the Indictment because Congress has expressly reserved jurisdiction over the alleged statutory violations to the Secretary of Agriculture.

### 3. *Notice from Secretary of Agriculture*

9 C.F.R. § 335.40 provides that, with certain exceptions:

> before any violation of the Federal Meat Inspection Act is reported to the Department of Justice by the Secretary for criminal prosecution the Secretary must give reasonable notice to the suspected violator that the Secretary intends to report the violation for prosecution and give the suspected violator an opportunity to present the violator's views to the Secretary with respect to such proceeding.

9 C.F.R. § 335.40(a). One such exception states that "[n]otice and opportunity need not be provided when the impending referral is part of an investigation involving non-Act violations, and the Act and non-Act violations are jointly referred for prosecution." 9 C.F.R. § 335.40(a)(5).

Defendant's argument that the court should dismiss the Indictment pursuant to this Regulation fails for several reasons. First, the Indictment alleges more than a violation of 21 U.S.C. § 610—it also alleges that Defendant committed wire fraud and money laundering offenses. Thus, the investigation in this case "involv[ed] non-Act violations, and the Act and non-Act violations [were] jointly referred for prosecution." 9 C.F.R. § 335.40(a)(5). Consequently, even if 9 C.F.R. § 335.40 must be satisfied prior to instituting a criminal prosecution, the exception contained in § 335.40(a)(5) applies.

Moreover, 9 C.F.R. § 335.40 is strikingly similar to 21 U.S.C. § 335. 21 U.S.C. § 335 provides:

> Before any violation of this chapter is reported by the Secretary to any United States attorney for institution of a criminal proceeding, the person against whom such proceeding is contemplated shall be given appropriate notice and an opportunity to present his views, either orally or in writing, with regard to such contemplated proceeding.

21 U.S.C. § 335. *Compare* 9 C.F.R. § 335.40 ("[B]efore any violation of the Federal Meat Inspection Act is reported to the Department of Justice by the Secretary for criminal prosecution the Secretary must give reasonable notice to the suspected violator that the Secretary intends to report the violation for prosecution and give the suspected violator an opportunity to present the violator's views to the Secretary with respect to such proceeding."). In interpreting 21 U.S.C. § 335, the Supreme Court held that it:

> contains no expression indicating an intention to withdraw offenses under this act from the general powers of the grand jury, who are diligently to inquire and true presentment make of all matters called to their attention by the court, or that may come to their knowledge during the then present service.
>
> Repeals by implication are not favored, and there is certainly no presumption that a law passed in the interest of the public health was to hamper district attorneys, curtail the powers of grand juries, or make them, with evidence in hand, halt in their investigation and await the action of the Department. To

> graft such an exception upon the criminal law would require a
> clear and unambiguous expression of the legislative will.

*United States v. Morgan*, 222 U.S. 274, 281-82 (1911). The court sees no reason why this reasoning does not apply with as much force to 9 C.F.R. § 335.40. Defendant points to no "clear and unambiguous expression of the legislative will," *id.* at 282, except that 9 C.F.R. § 335.40 exists. Accordingly, the court finds that 9 C.F.R. § 335.40 does not require the Secretary of Agriculture to give reasonable notice to a suspected violator before instituting a criminal prosecution, and the court shall deny the Motion.

### 4. *Evidence outside statute of limitations*

Defendant's argument that the government should not be allowed to introduce evidence of events that occurred outside the statute of limitations is without merit. Defendant objects specifically to paragraph 53 of the Indictment, which includes a list of acts Defendant allegedly took "[i]n furtherance of the conspiracy." Indictment ¶ 53; *see also* Brief in Support of the Motion at 25 (objecting specifically to paragraph 53 of the Indictment as being outside the statute of limitations). "In a conspiracy charge, the limitations period begins to run from the occurrence of the last overt act committed in furtherance of the conspiracy that is set forth in the indictment." *United States v. Bennett*, 765 F.3d 887, 895 (8th Cir. 2014) (quoting *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011)). The paragraph to which Defendant objects alleges certain overt acts Defendant committed in furtherance of the conspiracy. The Indictment charges that the last over act occurred on January 14, 2010 and, therefore, the statute of limitations did not begin to run until January 14, 2010. To be within the statute of limitations, Defendant needed to be charged by January 14, 2015. *See* 18 U.S.C. § 3282(a) (providing for a five-year statute of limitations). The original indictment was returned on October 23, 2014—within the five-year statute of limitations. Consequently, the government may introduce evidence of the acts alleged in paragraph 53 of the Indictment. Accordingly, the

court shall deny the Motion to the extent it argues that the government cannot introduce evidence of acts committed outside the statute of limitations.

## IV. CONCLUSION

In light of the foregoing, Defendant William B. Aossey, Jr.'s "Motion to Dismiss" (docket no. 58) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of July, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA